# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6364 | **DATE** | 7/26/2001 |
| **CASE TITLE** | Ronnie Bullock, Sr. vs. Village of Calumet Park, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's false arrest and detention claims are time barred, and Plaintiff has failed to state a claim for malicious prosecution, Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 13-1) is therefore granted. Plaintiff has leave to file an amended complaint, if he can do so consistent with Rule 11, on or before August 10, 2001.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 30 2001 date docketed | 27 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7/26/2001 date mailed notice | |
| ETV courtroom deputy's initials | | 01 JUL 27 AM 8:34 Date/time received in central Clerk's Office | ETV mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



RONNIE BULLOCK, SR.,
    Plaintiff,

v.

VILLAGE OF CALUMET PARK,
*et al.*,
    Defendants.

No. 00 C 6364

Judge Rebecca R. Pallmeyer

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronnie Bullock Sr. brings this civil rights action against three unidentified Calumet Police officers, the Calumet Park Police Department and the Village of Calumet (collectively "Defendants"). Bullock alleges that the Defendant officers violated his constitutional rights when, in response to Plaintiff's own call to the police seeking help in a domestic dispute, the officers arrested him and charged him with domestic battery. Plaintiff's *pro se* complaint alleges counts of false arrest, false detention and malicious prosecution against all Defendants. Defendants move to dismiss, arguing that Plaintiff's unlawful arrest and detention claims are untimely and that his malicious prosecution count does not state a claim for relief. For the following reasons, Defendants' motion is granted.

## FACTUAL BACKGROUND

On October 11, 1998, Plaintiff Ronnie Bullock, Sr. went to 12420 S. Honore Street in Calumet Park, Illinois, to visit the mother of his children. (Amended

Complaint ¶ 10.)[1] While he was there, Plaintiff alleges that his son entered the room, shoved him from behind, and threatened him. Plaintiff called the Calumet Park Police to report the dispute and three unidentified officers responded. Shortly thereafter, when the officers arrived at the house, they were met first by Plaintiff's son, who was standing outside. Plaintiff alleges that, at that time, the son informed the police that Plaintiff had hit his (the son's) mother. After listening to the son's version of events, the officers entered the home and began to question Plaintiff. Once the officers determined that Plaintiff did not own or live at the home, they arrested him for striking the mother of his children. According to Plaintiff, the Defendant officers proceeded with his arrest despite the fact that there were no signs that the mother of his children had in fact been abused and despite the mother's own adamant protestations to the officers that Plaintiff did not hit her and that she did not want him arrested. The same officers detained Plaintiff for more than twenty-four hours, charged him with domestic battery, and "precipitated and initiated [his] prosecution . . . without legal justification or probable cause." The domestic battery charge was subsequently stricken off call with leave to reinstate on November 12, 1998. (Ex. A to Defendants' Reply to Plaintiff's Objection and Memorandum of Law in support of His Opposition to Defendants' Motion to Dismiss.)

Plaintiff filed his original complaint on October 13, 2000, seeking compensatory and punitive damages for false arrest. On February 23, 2001 Plaintiff amended his

---

[1] Plaintiff's complaint does not state the names of the mother of his children, nor does it state his son's name.

claim to add a charge of malicious prosecution. Defendants now move to dismiss, contending that Plaintiff's false arrest count is barred by the applicable statute of limitations. Defendants also move to dismiss Plaintiff's malicious prosecution claim for failure to state a claim upon which relief can be granted.

## DISCUSSION

On a motion to dismiss, this court accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in favor of the nonmoving party. *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). This court is not, however, "obliged to accept as true conclusory statements of law or unsupported conclusions of fact," *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995), nor is it required to "stretch allegations beyond their sensible and reasonable implications." *DiBenedetto v. City of Chicago*, 873 F. Supp. 106, 108 (N.D. Ill. 1994). Dismissal will be proper if it is clear that Plaintiff can prove no set of facts consistent with his complaint which would entitle him to relief. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 (7th Cir. 2001); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. False Arrest and Detainment

Defendants contend that Plaintiff's false arrest and detainment claim is barred by the applicable statute of limitations. All § 1983 claims arising in Illinois are subject to Illinois' two-year statue of limitations for personal injury claims. *See* 42 U.S.C.A. § 1983; *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001); *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *DiBenedetto*, 873 F. Supp. at 108 (citing

3

*Kelly v. City of Chicago*, 4 F.3d 509 (7th Cir. 1993)). The question as to when the limitation period begins, however, is one of federal law. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Civil rights claims accrue when a plaintiff knows or should know that his or her constitutional rights were violated. *DiBenedetto*, 873 F. Supp. at 108 (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)).

As the Seventh Circuit has observed repeatedly, "[f]or false arrest, the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings." *Sneed v. Rybicki*, 146 F.3d 478, 480, 481 (7th Cir. 1998) (citing *Booker*, 94 F.3d at 1056) (false arrest count was barred by two year statute of limitations where plaintiff was arrested on January 9, 1991 but did not file his complaint until July 24, 1996); *see also Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (plaintiff's false arrest count was barred where he was arrested on June 12, 1991 but did not file his complaint until May 4, 1994). Because wrongful arrests are "actionable under . . . the fourth amendment no matter what happens to the criminal prosecution," the plaintiff should know that his or her rights were violated as of the day of the arrest. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001).

Plaintiff was arrested on October 11, 1998 and released the following day, October 12, 1998. He therefore had until October 11, 2000 to file his false arrest claim and October 12, 2000 to file his unlawful detention claim. He did not file that claim, however, until October 13, 2000, two days after the statute of limitations had run for his false arrest complaint and one day after it had run for any wrongful detainment

4

claim.[2] Nor does Plaintiff offer any reasons for the delay. As such, his false arrest and unlawful detainment claims must be dismissed as time barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere . . .").[3]

B. **Malicious Prosecution**

Plaintiff next argues that, even if his claim for false arrest is time barred, he has stated a claim for malicious prosecution which is not barred by the applicable statute of limitations. The statute of limitations for malicious prosecution is the same as that for false arrest, but, unlike a false arrest claim, which can be pled on the day of the arrest, a malicious prosecution claim cannot be pled until all of the proceedings are terminated in the plaintiff's favor. *See Sneed v. Rybicki*, 146 F.3d at 481. Thus, "a plaintiff whose false arrest claim is time barred may well still have a viable claim for malicious prosecution." *Id.* In Plaintiff's case, all proceedings against him terminated on November 12, 1998. Because he filed his complaint before November 12, 2000, his malicious prosecution claim was timely filed.

---

[2] October 11, 2000 fell on a Wednesday, on a date that court was in session. Plaintiff filed his complaint on that Friday, October 13, 2000.

[3] Indeed, Plaintiff himself appears to concede that, were false arrest his "sole issue," it would be time barred. He argues, however, that his complaint cannot be dismissed where he has stated a timely malicious prosecution claim as well. Whether Plaintiff filed a timely malicious prosecution claim, however, does not change the fact that the statute of limitations has run on his false arrest and unlawful detainment claims.

5

The Seventh Circuit has cautioned, however, that a plaintiff must actually plead malicious prosecution instead of "using that label to navigate around the statute of limitations." *Id.* A plaintiff who "alleges only that he was arrested and detained without probable cause has only pled false arrest," and cannot simply convert that claim into one for malicious prosecution. *Id.* (citing *Reed*, 77 F.3d at 1053.) Additionally, courts have pointed out that malicious prosecution actions against police officers are somewhat "anomalous" because, as a general proposition, the "State's Attorney, not the police, prosecutes a criminal action." *Reed*, 77 F.3d at 1053 (citing *Albright v. Oliver*, 510 U.S. 266, n.5 (1994) (J. Ginsburg concurring)).

To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Sneed*, 146 F.3d at 479-80 (quoting *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)); *see also Escobar v. Foster*, No. 99 C 4812, 212 F.3d 1005, at *5 (N.D. Ill. Jan. 19, 2001). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury. *Id.*

Defendants contend that Plaintiff has not stated a state law claim for malicious prosecution and point to *Sneed v. Rybicki*, 146 F.3d 478, 479-80 (7th Cir. 1998), to

support their argument. In *Sneed*, after plaintiff's state court murder conviction was reversed, he brought an action for, *inter alia*, false arrest, false imprisonment and malicious prosecution against the police officers who had arrested him and testified at his trial. *Id.* Because Sneed was arrested on January 9, 1991 but did not bring his civil rights action until July 24, 1996, the court first dismissed his § 1983 claims for false arrest as time barred. *Id.* at 480. The court then dismissed his § 1983 claim for malicious prosecution, holding that Sneed had failed to state a claim upon which relief could be granted. *Id.* As the court explained:

> To plead malicious prosecution [plaintiff] must allege more than that he was arrested without probable cause and eventually convicted. He must also do more than state conclusively that the defendants maliciously prosecuted him. He must allege some action that supports the conclusion that a malicious prosecution occurred.

*Id.* at 481. The court found that Sneed had not met this burden. *Id.* The court pointed out that plaintiff's complaint was utterly void of any allegations that the detectives gave perjured testimony, falsified information or evidence, withheld exculpatory evidence or committed "any improper acts after arresting [Sneed] without probable cause." *Id.* Without such allegations, the court found that Sneed had merely stated a claim for false arrest and could not circumvent the statute of limitations by adding the malicious prosecution claim. *Id.*

Similarly, in *Reed v. City of Chicago*, 77 F.3d 1049, 1053-54 (7th Cir. 1996), the Seventh Circuit held that the plaintiff could not convert a false arrest claim into a malicious prosecution claim absent allegations that the police officers had done

7

something more specific to effectuate his prosecution than testify at a hearing against him. Reed, who was arrested and indicted on murder charges, brought a civil rights action against the arresting officers once he was acquitted of all charges 23 months after his arrest. *Id.* at 1050. In his complaint, he alleged that the officers arrested him without a search warrant and, after he was indicted, the same officers testified against him at a motion to quash his indictment. *Id.* As with *Sneed*, the court began by dismissing Reed's false arrest charges as untimely, because they were brought more than two years after his arrest. *Id.* at 1050-51. The court then pointed out that Reed had alleged no more than that he was arrested without probable cause, was indicted for murder "solely on the basis of the [detectives'] testimony and statements," and that the officers testified at the hearing to quash the arrest. *Id.* at 1053. The court held that such allegations merely stated a claim for wrongful arrest, where Reed did not allege that the detectives gave perjured testimony or committed any additional improper acts besides the arrest. *Id.*[4]

In Plaintiff's case, his only allegations concerning his malicious prosecution claim are that "[t]here was no probable cause for [his] arrest and or detention" and that the "[D]efendant officers came to court" and participated in and "initiated [his] prosecution." Even construing this claim liberally, as this court must, *see Anderson v.*

---

[4] Additionally, the court noted, without deciding, that even if Reed had stated a claim for malicious prosecution, it was likely that the officers would be absolutely immune from any action stemming from their testimony before the grand jury. *Id.* at n.5 (citing *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Curtis v. Bembenek*, 48 F.3d 281, 283-85 (7th Cir. 1995)).

8

*Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), Plaintiff has not met his burden of alleging that the officers gave perjured testimony, falsified evidence, ignored exculpatory evidence when they testified, made any knowing misstatements to the prosecutor, or acted in any manner that was improper besides arresting him without probable cause. *See, e.g., Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899 (7th Cir. 2001)(where plaintiff did not allege that defendant officers exerted pressure or influence on prosecutor to indict plaintiff nor did he allege that the officers made knowing misstatements to the prosecutor, plaintiff had not alleged a claim for malicious prosecution).

Moreover, the cases where courts have found that a plaintiff has stated a claim for malicious prosecution are easily distinguishable from Plaintiff's. For example, in *Escobar v. Foster*, No. 99 C 4812, 2001 WL 58947, at *1 (N.D. Ill. Jan. 19, 2001), plaintiff Escobar alleged that she and her boyfriend were arrested by Officer Foster and another officer despite the fact that they had done nothing illegal. According to plaintiff's complaint, Officer Foster made up charges of disorderly conduct against the two in retaliation for statements plaintiff had made to Foster's wife. *Id.* The court found that plaintiff had stated a claim for malicious prosecution because she alleged not only that the defendants wrongfully arrested her but also that they were the only complaining witnesses in the charge against her and they were the ones who pursued the criminal proceedings against her. *Id.* at *6-7. *See also Starling v. Chicago Police Officers*, No. 98 C 7900, 2000 WL 1036301, at *6 (N.D. Ill. July 21, 2000) (where

9

plaintiff alleged that defendant officers filed false reports, made false statements, filed a false criminal complaint and testified falsely at the preliminary hearing and trial, plaintiff successfully stated a claim for malicious prosecution).

Plaintiff does not allege that the police themselves made false allegations against him, nor does he allege that they filed false reports or made false statements to the prosecutor in order to pursue criminal proceedings against him. Instead, Plaintiff's son told the police that Plaintiff struck his mother and the police responded to the son's allegations. Whether the officers were correct in believing Plaintiff's son and discounting Plaintiff's (and the purported victim's) version of events is irrelevant in determining a claim for malicious prosecution; absent allegations that Defendants did anything improper besides arresting plaintiff without probable cause, Plaintiff has stated only a claim for false arrest.

## CONCLUSION

Plaintiff's false arrest and detention claims are time barred, and Plaintiff has failed to state a claim for malicious prosecution, Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 13-1) is therefore granted. Plaintiff has leave to file an amended complaint, if he can do so consistent with Rule 11, on or before August 10, 2001.

ENTER:

Dated: July 26, 2001

REBECCA R. PALLMEYER
United States District Judge

10